THE PEOPLE ex. rel. THE BANK OF MONROE vs. DARIUS PERRIN, late sheriff of Monroe county.

A redemption of land may be made at any time before the *close* of the last day allowed by law for the purpose, business hours are not regarded in this respect.

One who seeks to redeem must comply fully and strictly with the statute, or he gains nothing; an agent seeking to redeem for a mortgage creditor must *swear* to the fact of his agency, and his *means of knowledge* as to the sum due on the mortgage, and the sum stated on such knowledge.

*Motion by Relators for a mandamus on notice.*—Certain real estate of Abraham M. Schermerhorn had been sold on judgment and execution against him by said Perrin, then sheriff, &c., the time for redeeming which expired on the 15th May, 1842 (Sunday). On the previous day the bank of Monroe duly redeemed the said land, as a judgment creditor of said Schermerhorn. This was done in the afternoon of that day: and from eleven to twelve o'clock in the night following, Blatchford, Graham & Curtis, applied to said sheriff to redeem said land, as assignees of a mortgage thereon given by said Schermerhorn to the The North American Trust and Banking Company. They paid the proper amount, and the only questions made are whether a redemption at that hour in the night was in time, and whether the affidavit to prove the amount due was sufficient.

F. M. HAIGHT, *Atty for Relators.* *Attorney for Blatchford & Co.*

BEARDSLEY, Justice.—The practice has been to permit a redemption ot be made at any time before the close of the last day allowed by law for the purpose. Business hours are not, in this respect, regarded. Whatever was done in this case, was therefore in season. It was conceded that the bank of Monroe duly redeemed, and the whole question comes down to this, whether the purchase sought to be made by Blatchford, Graham & Curtis, as assignees of the mortgage to the Trust and banking company, was in conformity with the statute. If it was they are entitled to a deed, otherwise the sheriff must convey to the bank of Monroe. The existence of the mortgage and its assignment are not disputed, but it is objected that the affidavit furnished to show what remained due on the mortgage was insufficient. Upon this point no affidavit was made by either of the assignees, the only proof furnished being the affidavit of Tilly Allen. This affidavit was made on the 11th of May, 1842, prefixed to which is a statement setting forth the date of the mort-

gage, that the amount of principal remaining due thereon
was, ---- ---- ---- ---- ------ ------ ---- ------- ---- $180,000 00
And the balance of interest to the 14th May, 1842, ---- ⸱ 37,066 21

$217,066 21

The deponent is named in the affidavit as agent, but it omits to state, on oath, that he was such agent. Then follows a clause that said statement " exhibits a true and correct account of the amount which will be due upon the said bond and mortgage on the 14th day of May instant, over and above all payments, as appears by the books of account of the said trustees, and as this deponent verily believes." The affidavit may be made by the " mortgage creditor, his assignee or representative, or by his attorney or agent," but whether made by one or the other, it must state the " *true* sum due or to become due," " over and above all payments." (*Laws* 1836, p. 793, § 2, sub. 4). This affidavit is defective. It does not appear to have been made by the *agent* of the assignees, although the deponent is therein named as agent. But this is a mere *descriptio personæ;* there is no oath to the fact of such agency. Nor is it shown that the person who made the affidavit had any knowledge of the *true* sum due or to become due; he only speaks of what appears by the books, but of the correctness of which he does not profess to have any knowledge. To be sure he swears to his belief that the sum stated is correct, but that is not sufficient for the purpose. The affidavit should furnish the best and most satisfactory evidence of what is due; another creditor may come to redeem, and he is entitled to correct information on the point. One who seeks to redeem must comply fully and strictly with the statute, or he gains nothing. This affidavit should have sworn to the fact that the deponent was agent. He should have disclosed his means of knowledge, as to the sum due, and the amount should have been stated on such knowledge. Here one of the assignees made an affidavit, but he has said nothing as to the amount due and unsatisfied on the mortgage. I think the assignees failed to effect a legal purchase of the right to these lands, and the Bank of Monroe is consequently entitled to a deed from the sheriff.

Motion for mandamus granted, but no costs are to be allowed to either party.